Rodney Dale HOOD, Plaintiff–
Appellant

v.

Robert M. SANDMANN; Practice
Manager Mark Roberts,
Defendants–Appellees.

No. 12–20724
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 19, 2013.

Rodney Dale Hood, Lovelady, TX, pro
se.

Before WIENER, OWEN, and
HAYNES, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Rodney Dale Hood,
Texas prisoner # 1659266, proceeding pro
se and in forma pauperis (IFP), appeals
the district court's dismissal of his 42
U.S.C. § 1983 complaint. Hood alleged in
his complaint, and contends on appeal, that
prison officials violated the Eighth Amend-
ment by acting with deliberate indifference
to his medical needs when they denied him
doctor-prescribed Phenobarbital and en-
tered false information in his medical chart
regarding his allergies to drugs. The dis-
trict court dismissed Hood's complaint as
frivolous, pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(i). We review such a dis-

missal for abuse of discretion. *Berry v.
Brady*, 192 F.3d 504, 507 (5th Cir.1999).

Pursuant to the Eighth Amendment's
prohibition of cruel and unusual punish-
ment, prisoners are entitled to receive "ad-
equate medical care." *Easter v. Powell*,
467 F.3d 459, 463 (5th Cir.2006). To meet
the "extremely high standard" of deliber-
ate indifference, Hood had to establish
that prison officials "refused to treat him,
ignored his complaints, intentionally treat-
ed him incorrectly, or engaged in any simi-
lar conduct that would clearly evince a
wanton disregard for any serious medical
needs." *Domino v. Texas Dep't of Crim.
Justice*, 239 F.3d 752, 756 (5th Cir.2001)
(internal quotation marks and citation
omitted).

Hood's contention that the district court
erred by dismissing his claims without al-
lowing him to conduct discovery is unavail-
ing because § 1915(e)(2) permits a district
court to dismiss a prisoner's IFP action
"at any time." § 1915(e)(2). Also, Hood's
allegations and the documents that he sub-
mitted in response to the district court's
questionnaire indicate that prison officials
addressed Hood's concerns on numerous
occasions, yet Hood constantly disagreed
with and questioned prison officials re-
garding the appropriate treatment. Al-
though Phenobarbital was ordered by
medical personnel, that medication was, at
one time, on Hood's allergen list because
of his potential allergy to another medi-
cation that contained Phenobarbital. Nei-
ther was Phenobarbital approved by the
prison's regional pharmacy, which consid-
ered it to be a controlled substance that
could not be used in the prison setting.
The prison medical staff attempted to find
another option to treat Hood, yet he re-
fused to take other prescribed medication,

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

even after being advised that he could remain in the prison medical facility for monitoring of potential allergic reactions to drugs.

In sum, prison medical staff continually attempted to address Hood's medical issues, yet Hood constantly disagreed with prison staff. Such disagreement with medical professionals does not establish an Eighth Amendment claim. *See Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir.2006). The record also supports the district court's determination that Hood did not suffer substantial harm as a result of not receiving Phenobarbital. As Hood failed to allege facts that established a claim of deliberate indifference, the district court did not abuse its discretion by dismissing Hood's complaint as frivolous. *See Domino,* 239 F.3d at 756; *Berry,* 192 F.3d at 507.

The judgment of the district court is AFFIRMED. Our affirmance and the district court's dismissal are counted as one strike under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Hood is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he is under imminent danger of serious physical injury. *See* § 1915(g).

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.